UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JASON CARBAUGH,

    Plaintiff,
vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Jason Carbaugh ("CARBAUGH"), by and through the undersigned counsel, hereby sues Prudential Insurance Company of America ("PRUDENTIAL") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. CARBAUGH was at all times relevant a plan participant under the Case New Holland Group Long Term Disability Policy, Group No.: G-01066-WI (LTD Plan).[1]

3. Defendant, PRUDENTIAL, is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Southern District of Florida. PRUDENTIAL is the insurer of benefits under the Case New Holland LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The PRUDENTIAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Case New Holland under which CARBAUGH was a participant, and pursuant to which CARBAUGH is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, CARBAUGH is entitled to LTD benefits for the duration of his disability, for so long as CARBAUGH remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. CARBAUGH incorporates by reference all preceding paragraphs as though fully set forth herein.

---

[1] A copy of the Genesis Energy LTD Plan is attached hereto as Exhibit "A."

8. At all times relevant, CARBAUGH was an employee or former employee of Case New Holland and a plan participant under the terms and conditions of the LTD Plan.

9. Prior to disability, CARBAUGH worked as a Machinist for Case New Holland.

10. During the course of CARBAUGH's employment, CARBAUGH became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CARBAUGH was covered under the LTD Plan, CARBAUGH suffered a disability rendering him disabled as defined under the terms of the LTD Plan.

11. The LTD Plan defines disability to mean: You are disabled when Prudential determines that: (1) you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; (2) you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury: (1) you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

12. The LTD Plan defines Material and Substantial Duties to mean, duties that (1) are normally required for the performance of your regular occupation; and (2) cannot be reasonably be omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

13. The LTD Plan defines Regular Occupation to mean the occupation you are normally performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how work tasks are performed for a specific

employer or at a specific location.

14. CARBAUGH's claim for LTD Benefits is under the Regular Occupation standard of disability.

15. On or about April 2, 2015, CARBAUGH worked his final day before filing a claim for disability benefits.

16. On January 21, 2016, PRUDENTIAL advised CARBAUGH that it was denying his claim for benefits as CARBAUGH had not responded to multiple requests for medical information.

17. CARBAUGH properly appealed the denial of benefit on July 11, 2016, providing all medical documentation in support of his disability, to include a Functional Capacity Examination report that clearly indicated that he did not have the ability to perform the duties of his Medium demand level regular occupation as a machinist.

18. During the review of CARBAUGH's appeal PRUDENTIAL had his file reviewed by an independent peer physician who opined that there was no evidence of any medical condition/diagnosis that would prevent CARBAUGH from working, despite medical records being provided to the contrary.

19. Based on the report of the IPP PRUDENTIAL upheld its denial of CARBAUGH's claim on August 4, 2016.

20. CARBAUGH has exhausted his mandatory administrative remedy.

21. PRUDENTIAL breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to CARBAUGH at a time when PRUDENTIAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CARBAUGH was

disabled due to a physical medical condition; is unable to work and therefore entitled to benefits.

b. After CARBAUGH's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to CARBAUGH any additional material or information necessary for CARBAUGH to perfect his claim along with an explanation of why such material is or was necessary.

c. PRUDENTIAL failed to properly and adequately investigate the merits of CARBAUGH's disability claim and failed to provide a full and fair review of CARBAUGH's claim.

22. CARBAUGH believes and alleges that PRUDENTIAL wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which CARBAUGH is presently unaware, but which may be discovered in this future litigation and which CARBAUGH will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by CARBAUGH.

23. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL under the LTD Plan, CARBAUGH has damages for loss of disability benefits in a total sum to be shown at the time of trial.

24. As a further direct and proximate result of this improper determination regarding CARBAUGH's claims for benefits, CARBAUGH, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CARBAUGH is entitled to have such fees and costs paid by PRUDENTIAL.

25. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, CARBAUGH is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Jason Carbaugh prays for relief against the Prudential Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 18, 2016

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> Telephone: (954) 620-8300
> /s/ *Stephen F. Jessup*
> STEPHEN F. JESSUP, ESQUIRE
> Florida Bar No.: 0026264
> Email: stephen@diattorney.com